1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FORREST KENDRID,                              No.  2:23-cv-1145 CSK P

12                  Plaintiff,

13          v.                                      ORDER TO SHOW CAUSE

14    YAHIYA, et al.,

15                  Defendants.

16

17          Plaintiff is a civil detainee, proceeding without counsel, with this civil rights action

18    pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff is ordered to show cause

19    why this action should not be dismissed for failure to prosecute.

20          On May 6, 2024, this Court granted defendants' request to extend the discovery deadline

21    to July 16, 2024 and the dispositive motion deadline to October 22, 2024.  (ECF No. 34.)  On July

22    5, 2024, defendants filed a motion to extend the discovery deadline to September 13, 2024 and

23    the dispositive motion deadline to December 21, 2024.  (ECF No. 35.)  Defendants' July 5, 2024

24    motion for extension of time contains the following background information.

25          From approximately January 2024 until June 10, 2024, plaintiff was incarcerated at the

26    California Medical Facility ("CMF").  (Id. at 4.)  The CMF Litigation Coordinator informed

27    defense counsel that plaintiff was placed in a mental health crisis bed five times between mid-

28    January 2024 and the end of April 2024.  (Id.)  It is defense counsel's understanding that when an

inmate is in a mental health crisis bed, defense counsel cannot schedule their deposition due to a number of factors including clearance from doctors, mental stability and security concerns.  (Id.)  On March 13, 2024, defense counsel contacted the CMF Litigation Coordinator to arrange a mutually agreeable date to take plaintiff's deposition.  (Id.)  On March 15, 2024, the CMF Litigation Coordinator's Office informed defense counsel that plaintiff was in a mental health crisis bed, and that the deposition could not be scheduled while plaintiff was in a mental health crisis bed.  (Id.)

On April 2, 2024, defense counsel followed up with the CMF Litigation Coordinator's office to ask whether plaintiff was released from a mental health crisis bed.  (Id.)  On April 4, 2024, the CMF Litigation Coordinator informed defense counsel that plaintiff was discharged from the mental health crisis bed on March 28, 2024, but placed back into the mental health crisis bed on March 30, 2024.  (Id.)  On April 15, 2024, defense counsel followed up with the CMF Litigation Coordinator's office for the status of plaintiff's mental health crisis bed placement.  (Id.)  The CMF Litigation Coordinator informed defense counsel that plaintiff was discharged from the mental health crisis bed on April 9, 2024 and placed back in the mental health crisis bed shortly thereafter.  (Id.)

At the end of April 2024, defense counsel determined that they could not depose plaintiff prior to the discovery deadline of May 17, 2024 due to his repeated placement in a mental health crisis bed.  (Id. at 5.)  On May 3, 2024, defendants requested a 60-day extension of time of all deadlines.  (Id.)  This Court granted this request for extension of time.  (Id.)

On May 30, 2024, defense counsel served plaintiff with a Notice of Taking Deposition via Videoconference.  (Id.)  The deposition was set to take place on June 21, 2024 at the CMF.  (Id.)  On June 10, 2024, the CMF Litigation Coordinator informed defense counsel that plaintiff was being released from prison and therefore, that plaintiff's June 21, 2024 deposition at the CMF could not proceed.  (Id.)

On June 25, 2024, after defense counsel determined a new address where plaintiff could receive documents, defense counsel served plaintiff with an Amended Notice of Taking Deposition of Plaintiff.  (Id.)  The deposition was set to take place on July 9, 2024 at the Apus

2

1    Court Reporting Office in Los Angeles, California.  (Id.)  On July 1, 2024, plaintiff called defense

2    counsel to inform them that he received the deposition notice for July 9, 2024, but that plaintiff

3    could not attend the deposition due to the unpredictability of plaintiff's housing situation.  (Id.)

4    Plaintiff reported that he was unable to stay at his original housing due to needing a "higher level

5    of care," and that he was currently at Martin Luther King Junior Community Hospital, awaiting

6    direction on permanent housing, possibly at a skilled nursing facility.  (Id.)  A case worker was

7    present during the call and could not provide a predictable timeline for plaintiff's new housing but

8    said it could take until August 2024.  (Id.)  For these reasons, defendants filed the pending motion

9    to extend the discovery deadline to September 13, 2024 and the dispositive motion deadline to

10   December 21, 2024.  (Id. at 2.)  Defendants state that they are at an impasse and cannot make

11   significant progress with their defense until they take plaintiff's deposition.  (Id.)

12          Depositions are governed by Federal Rule of Civil Procedure 30 which states, in pertinent

13   part, that "[a] party may, by oral questions depose any person, including a party, without leave of

14   court…"  Fed. R. Civ. P. 30(a)(1).  A failure to participate in discovery is in violation of Federal

15   Rules of Civil Procedure 30 and 37.  Under Federal Rule of Civil Procedure 30(d)(2), the court

16   may impose sanctions for impeding, delaying, or frustrating the fair examination of a deponent.

17   Federal Rule of Civil Procedure 37 authorizes the court, in its discretion, "to impose a wide range

18   of sanctions when a party fails to comply with the rules of discovery or with court orders

19   enforcing those rules."  Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).  If

20   plaintiff refuses to be deposed or otherwise fails to participate in discovery, this Court may

21   recommend dismissal of this action.

22          Local Rule 183(b) requires that a party appearing in propria persona inform the court of

23   any address change.  Court records reflect that plaintiff did not inform the Court of his new

24   address following his release from prison on or around June 10, 2024.  For this reason, plaintiff is

25   ordered to show cause why this action should not be dismissed for failure to prosecute.  This

26   Court will address defendants' motion for extension of time filed July 5, 2024 following

27   plaintiff's response to this order to show cause.

28   ///

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for failure to prosecute. Failure to respond to this order will result in a recommendation of dismissal of this action.

Dated:  July 16, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ken1145.osc

2

4