UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YAHIYA, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-1145 CSK P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　Plaintiff is a civil detainee, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, this Court recommends that this action be dismissed for plaintiff's failure to prosecute.

　　　On May 6, 2024, this Court granted defendants' motion to extend the discovery deadline to July 16, 2024 and the dispositive motion deadline to October 22, 2024.  (ECF No. 34.)  On July 5, 2024, defendants filed a motion to extend the discovery deadline to September 13, 2024 and the dispositive motion deadline to December 21, 2024.  (ECF No. 35)  In the motion for extension of time filed July 5, 2024, defendants state that from approximately January 2024 until June 10, 2024, plaintiff was incarcerated at the California Medical Facility ("CMF").  (Id. at 4.)  While plaintiff was incarcerated at CMF, defendants were unable to take plaintiff's deposition because plaintiff was in a mental health crisis bed.  (Id. at 4-5.)  On June 10, 2024, the CMF Litigation Coordinator informed defense counsel that plaintiff had been released from prison.  (Id.

at 5.) On June 25, 2024, after defense counsel determined a new address where plaintiff could receive documents, defense counsel served plaintiff with an Amended Notice of Taking Deposition of Plaintiff. (Id.) The deposition was set to take place on July 9, 2024 at the Apus Court Reporting Office in Los Angeles, California. (Id.) On July 1, 2024, plaintiff called defense counsel to inform them that he received the deposition notice for July 9, 2024, but that plaintiff could not attend the deposition due to the unpredictability of plaintiff's housing situation. (Id.) Plaintiff reported that he was unable to stay at his original housing due to needing a "higher level of care," and that he was currently at Martin Luther King Junior Community Hospital, awaiting direction on permanent housing, possibly at a skilled nursing facility. (Id.) A case worker was present during the call and could not provide a predictable timeline for plaintiff's new housing but said it could take until August 2024. (Id.) For these reasons, on July 5, 2024, defendants filed the motion to extend the discovery deadline to September 13, 2024 and the dispositive motion deadline to December 21, 2024. (Id. at 2-3.) Defendants state that they are at an impasse and cannot make significant progress with their defense until they take plaintiff's deposition. (Id. at 2.)

On July 17, 2024, this Court granted plaintiff thirty days to show cause why this action should not be dismissed for his failure to prosecute. (ECF No. 36.) This Court observed that court records reflected that plaintiff did not inform the Court of his new address following his release from prison on or around June 10, 2024. (Id. at 3.) In this order, this Court also advised plaintiff that if he refused to be deposed or otherwise failed to participate in discovery, this Court may recommend dismissal of this action. (Id.) In this order, this Court also stated that the Court would address defendants' motion for extension of time filed July 5, 2024 following plaintiff's response to the order to show cause. (Id.) On July 29, 2024, the July 17, 2024 order to show cause served on plaintiff was returned by the United States Postal Service. It has now been sixty days since the Court issued its order to show cause to plaintiff, and defendants' proposed extension of the discovery deadline has also now passed.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for

the imposition by the Court of any and all sanctions ... within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

    Here, plaintiff failed to file a notice of change of address. The Court cannot effectively manage its docket if plaintiff ceases litigating his case. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. Thus, this Court finds that the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. The third factor—prejudice to defendants—weighs in favor of dismissal. Plaintiff's failure to prosecute this action prejudices defendants by delaying the resolution of this action. The fourth factor—availability of less drastic sanctions—favors dismissal. Mail sent to plaintiff was returned unserved. Plaintiff has not filed a notice of change of address since his release from prison on or around June 10, 2024. Because plaintiff has apparently abandoned this action, less drastic sanctions are not warranted. The fifth factor— public policy favoring a disposition of actions on its merits—arguably weighs against dismissal.

    Despite the public policy favoring disposition on the merits, this Court finds that the first, second, third and fourth factors discussed above weigh in favor of dismissal. Accordingly, this

Court recommends dismissal of this action based on plaintiff's failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for extension of time to extend the discovery and dispositive motion deadlines (ECF No. 35) is vacated;

2. The Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 17, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ken1145.fr

2