UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHIYA, et al.,<br><br>    Defendants. | No. 2:23-cv-1145 TLN CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

Plaintiff is a former civil detainee, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983. This order addresses plaintiff's motion for appointment of counsel (ECF No. 41) and resets the deadlines for plaintiff's deposition and pretrial motions.

**II. BACKGROUND**

On January 9, 2024, the Court issued a Discovery and Scheduling Order setting the discovery deadline for May 17, 2024 and the pretrial motion deadline for August 23, 2024. (ECF No. 25.) At the time the Discovery and Scheduling Order was filed, plaintiff was incarcerated. On May 3, 2024, defendants filed a motion to extend the discovery and pretrial motion deadlines because they had been unable to depose plaintiff because plaintiff had been in a mental health crisis bed. (ECF No. 33.) On May 6, 2024, the Court granted defendants' motion filed May 3, 2024 and extended the discovery deadline to July 16, 2024 and the pretrial motion deadline to

1   October 22, 2024.  (ECF No. 34.)  On July 5, 2024, defendants filed a motion to extend the
2   discovery deadline to September 13, 2024 and the pretrial motion deadline to December 21, 2024.
3   (ECF No. 35.)  In the July 5, 2025 motion, defendants stated that they were unable to depose
4   plaintiff prior to plaintiff's release from the California Medical Facility on or around June 10,
5   2024.  (Id. at 2.)  Defendants stated that, due to plaintiff's unstable housing situation following his
6   release from the California Medical Facility, they were informed that plaintiff's deposition could
7   possibly take place in August 2024.  (Id. at 5.)  Defendants stated that they were at an impasse
8   and could not make significant progress with their defense until they took plaintiff's deposition.
9   (Id. at 2.)

10   On July 17, 2024, this Court ordered plaintiff to show cause within thirty days why this
11   action should not be dismissed for failure to prosecute based on plaintiff's failure to inform the
12   court of his address change following his release from prison.  (ECF No. 36.)  On July 29, 2024,
13   the July 17, 2024 order served on plaintiff was returned by the U.S. Postal Service.  On
14   September 17, 2024, this Court vacated defendants' July 5, 2024 motion to extend the discovery
15   and pretrial motion deadlines and recommended that this action be dismissed based on plaintiff's
16   failure to prosecute.  (ECF No. 39.)  On September 24, 2024, plaintiff left a telephone message
17   with court staff.  (ECF No. 40.)  On September 26, 2024, this Court vacated the September 17,
18   2024 findings and recommendations and ordered plaintiff to file a status report within thirty days
19   addressing whether plaintiff was still hospitalized or had been moved to a board and care home.
20   (ECF No. 40.)  This Court also ordered plaintiff to address whether defendants could depose him
21   at this time.  (Id.)

22   On November 21, 2024, plaintiff filed a motion for appointment of counsel.  (ECF No.
23   41.)  In this motion, plaintiff stated that he was currently living in a skilled nursing facility for
24   long term medical treatment.  (Id. at 1.)  Plaintiff stated that he was wheelchair and bed bound.
25   (Id.)  Plaintiff stated that he had no access to a law library or legal assistance.  (Id.)  Plaintiff also
26   stated that his borderline personality disorder prevented plaintiff from functioning in his daily
27   activities and litigating this action.  (Id.)  Plaintiff did not address whether he could now be
28   deposed.

### III. MOTION FOR APPOINTMENT OF COUNSEL

#### A. Plaintiff's Claims

This action proceeds on plaintiff's original complaint filed June 15, 2023 as to defendants psychiatrist Yahiya and supervising psychologist Tucci. (ECF No. 1.) The alleged deprivations occurred at the California Medical Facility. (Id.) Plaintiff alleges that on or about February 16, 2023, plaintiff was admitted to the mental health crisis unit based on suicidal and self-injurious behavior. (Id. at 2.) Plaintiff was placed on suicide watch. (Id.) On February 17, 2023, plaintiff cut himself with a razor. (Id. at 2-3.) Plaintiff was in a state of psychosis and believed that there were bugs in his food. (Id. at 3.) A certified nursing assistant activated her alarm. (Id.) Custody staff observed plaintiff with a razor and sprayed plaintiff through the food port, demanding the razor. (Id.) Plaintiff refused the order. (Id.) A certified nursing assistant later informed plaintiff that there were no bugs in plaintiff's food. (Id.)

On February 21, 2023, defendant Yahiya discontinued plaintiff's suicide watch. (Id. at 3.) Defendant Yahiya told plaintiff that it was time for plaintiff to move on to California State Prison-Lancaster and that plaintiff caused too many issues at the California Medical Facility. (Id.) Defendant Yahiya told plaintiff that mental health treatment in the mental health crisis bed was over and that defendant Yahiya and defendant Tucci were in agreement to end all treatment for plaintiff. (Id.) Soon after receiving this information from defendant Yahiya, plaintiff cut himself again, cutting open his abdomen. (Id.) Plaintiff was seen by defendant Tucci. (Id.) Defendant Tucci told plaintiff that she wanted plaintiff transferred to California State Prison-Lancaster because plaintiff had litigation pending in court against her and mental health staff and defendant Tucci could not allow that to continue. (Id. at 4.) Defendant Tucci told plaintiff that defendant Tucci instructed her staff not to respond to plaintiff's self-injurious behavior, she "cared less" about plaintiff having a razor, and that she was tired of plaintiff's "shit." (Id.) Defendant Tucci also told plaintiff that defendant Yahiya had discontinued plaintiff's treatment for his self-injurious behavior and that suicide watch would not be reinstated. (Id.) Defendant Tucci told plaintiff, "Don't make my job difficult. We can charge you for possession of a weapon and threatening to use it against my staff…you made your bed now sleep in it. If you harm

3

1  yourself again there will be consequences.  You won't be able to plea[d] not guilty by reason of
2  insanity again.  I can write a report to the court and I believe you should of never been found
3  insane." (Id.)  Plaintiff alleges that defendants knew of plaintiff's self-injurious behavior before
4  they discontinued suicide watch. (Id.)  Plaintiff alleges that defendants knew of plaintiff's mental
5  history and delusional thoughts. (Id.)  Plaintiff alleges that defendant Yahiya told plaintiff that
6  they would have staff check on plaintiff now and then. (Id. at 5.)  Defendant Yahiya told plaintiff
7  that if plaintiff died "between then," plaintiff would not be defendants' problem anymore. (Id.)
8  Defendants then walked away from plaintiff. (Id.)  Plaintiff alleges that defendants observed
9  blood on the floor and windows but also observed plaintiff bleeding with a razor. (Id.)  Plaintiff
10 gave the razor to custody. (Id.)  Plaintiff alleges that defendants' actions triggered plaintiff's
11 psychosis. (Id.)  Plaintiff continued to engage in self-injurious behavior and refused to eat until
12 he was sent to California State Prison-Lancaster on or around February 23, 2023. (Id.)  Plaintiff
13 also alleges that defendants did not enforce plaintiff's emergency psychotropic medication. (Id.)
14 Plaintiff also alleges that defendants failed to request that custody take the razor away from
15 plaintiff. (Id.)  Plaintiff alleges that defendants discontinued his mental health treatment in
16 retaliation for plaintiff's lawsuits and in violation of plaintiff's right to adequate mental health
17 treatment. (Id. at 6.)

**B. Discussion**

19  It is "well-established that there is generally no constitutional right to counsel in civil
20 cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Under "exceptional
21 circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C.
22 § 1915(e)(1).  When determining whether "exceptional circumstances" exist, a court considers
23 both "the likelihood of success on the merits as well as the ability of the petitioner to articulate
24 [the] claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560
25 F.3d 965, 970 (9th Cir. 2009).
26  In the pending motion for appointment of counsel, plaintiff claims that he will have
27 difficulty prosecuting this action because of his medical and mental health problems.  Plaintiff
28 also claims that he does not have access to a law library or legal assistance at the skilled nursing

facility where he now lives. This Court also acknowledges that plaintiff's complaint raises troubling claims against defendants. However, at this time, this Court cannot determine plaintiff's likelihood of success on the merits of his claims. This Court also observes that plaintiff was able to file this action despite plaintiff's medical and mental health problems, which appear to have existed at the time plaintiff filed the complaint, and was able to file various documents throughout this litigation. In addition, the legal issues raised in plaintiff's complaint are not particularly complex. For these reasons, and because the Court has extremely limited resources to appoint attorneys in civil cases, plaintiff's motion for appointment of counsel is denied without prejudice.

**IV. SCHEDULING OF THIS ACTION**

As discussed above, the discovery and pretrial motion deadlines for this action were vacated due to defendants' inability to depose plaintiff. In the motion for appointment of counsel, plaintiff failed to address whether he may be deposed at the board and care facility where he now lives. Because plaintiff's housing situation appears stable, it appears that defendants may depose plaintiff. For this reason, this Court sets a deadline for defendants to depose plaintiff and for the filing of pretrial motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 41) is denied;
2. Defendants shall complete plaintiff's deposition by June 17, 2025; and
3. The pretrial motion deadline is September 17, 2025.

Dated: April 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kend1145.ord/2