UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>             Plaintiff,<br><br>      v.<br><br>YAHIYA, et al.,<br><br>             Defendants. | No.  2:23-cv-1145 TLN CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

Plaintiff is a former detainee proceeding without counsel and in forma pauperis with this civil rights action.  On or around June 19, 2024, plaintiff was released from the California Medical Facility.  (ECF No. 39 at 1-2.)  Pending before the Court is plaintiff's motion for an extension of time to file an opposition to defendants' summary judgment motion and motion for appointment of counsel.  (ECF No. 48.)  For the following reasons, plaintiff's motion for extension of time is granted and plaintiff's motion for appointment of counsel is denied.

**II. DISCUSSION**

Defendants filed a motion for summary judgment on September 17, 2025.  (ECF No. 45.) In the pending motions, plaintiff requests an extension of time to respond to defendants' summary judgment motion based on plaintiff's physical condition and disabilities.  (ECF No. 48 at 1.) Plaintiff requests appointment of counsel because he does not have access to a law library, legal

1

1  aid or other resources.  (Id.)  This Court first addresses plaintiff's motion for appointment of
2  counsel.

3        **A.  Motion for Appointment of Counsel**

4  It is "well-established that there is generally no constitutional right to counsel in civil
5  cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Under "exceptional
6  circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C.
7  § 1915(e)(1).  When determining whether "exceptional circumstances" exist, a court considers
8  both "the likelihood of success on the merits as well as the ability of the petitioner to articulate
9  [the] claims pro se in light of the complexity of the legal issues involved."  Palmer v. Valdez, 560
10 F.3d 965, 970 (9th Cir. 2009).

11 While plaintiff claims that he does not have access to a law library or other legal
12 assistance, the issues raised in plaintiff's complaint are not particularly complex.  To the extent
13 plaintiff requests counsel based on his physical condition and disabilities, this Court observes that
14 plaintiff was able to file this action despite plaintiff's medical problems and disabilities, which
15 appear to have existed at the time plaintiff filed the complaint.  Plaintiff was also able to file
16 various documents throughout this litigation.  In addition, this Court reviewed the motion for
17 summary judgment filed by defendants Tucci and Yahya, which addresses plaintiff's claims that
18 defendants provided inadequate mental health treatment and retaliated against plaintiff.  (ECF No.
19 45.)  After reviewing defendants' summary judgment motion, this Court cannot determine
20 whether plaintiff is likely to succeed on the merits of his claims.  For these reasons, and because
21 the Court has extremely limited resources to appoint attorneys in civil cases, plaintiff's motion for
22 appointment of counsel is denied.

23       **B.  Request for Extension of Time**

24 Good cause appearing, plaintiff is granted an extension to Monday, November 10, 2025 to
25 file his opposition to defendants' summary judgment motion.

26 Accordingly, IT IS HEREBY ORDERED that:
27 1. Plaintiff's motion for appointment of counsel (ECF No. 48) is denied;
28 2. Plaintiff's motion for an extension of time (ECF No. 48) is granted; and

3. Plaintiff's opposition to defendants' summary judgment motion is due on or before Monday, November 10, 2025.

Dated:  October 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kend1145.eot(p)/2