UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHIYA, et al.,<br><br>    Defendants. | No.  2:23-cv-1145 TLN CSK P<br><br><br><br>ORDER |

**I. INTRODUCTION**

    Plaintiff is a former detainee proceeding without counsel and in forma pauperis with this civil rights action.  Pending before the Court is plaintiff's second motion for an extension of time to file an opposition to defendants' summary judgment motion and renewed motion for appointment of counsel.  (ECF No. 50.)  For the following reasons, plaintiff's motion for an extension of time is granted and plaintiff's renewed motion for appointment of counsel is denied.

**II. DISCUSSION**

    On or around June 19, 2024, plaintiff was released from the California Medical Facility ("CMF").  (ECF No. 39 at 1-2.)  Defendants filed a summary judgment motion on September 17, 2025.  (ECF No. 45.)  On October 2, 2025, plaintiff filed his first motion for an extension of time to file an opposition to defendants' summary judgment motion and motion for appointment of counsel.  (ECF No. 48.)  On October 8, 2025, this Court denied plaintiff's motion for appointment

1

of counsel and granted plaintiff an extension to November 10, 2025 to file his opposition. (ECF No. 49.) On November 10, 2025, plaintiff filed the pending second motion for extension of time to file an opposition and renewed motion for appointment of counsel. (ECF No. 50.)

### A. Motion for Appointment of Counsel

It is "well-established" that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Under "exceptional circumstances," a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether "exceptional circumstances" exist, a court considers both "the likelihood of success on the merits as well as the ability of the petitioner to articulate [the] claims pro se in light of the complexity of the legal issues involved." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the pending motion, plaintiff claims that he has been hospitalized twice for cardiac problems and for MRSA[1], apparently following his release from CMF. (ECF No. 50 at 1.) Plaintiff was discharged from the hospital on October 25, 2025. (Id.) Attached to plaintiff's motion is a form titled Adult Discharge Instructions dated October 25, 2025 for plaintiff from PIH Health. (Id. at 4-6.) In the section titled "Special Instructions," the form states,

> You were evaluated for abdominal pain 2/2 chronic constipation 2/2 chronic opioid use and diagnosed with MRSA (methicillin-resistant staphylococcus) in the nares. Please take laxatives as recommended to prevent constipation. Continue to follow up with Primary Care Doctor and cardiology for management of chronic conditions.

(Id. at 3.)

In the pending motion, plaintiff claims that he is fighting mental illness and has physical disabilities. (Id.) Plaintiff claims that he is paralyzed on the left side of his body, uses a wheelchair and is bed bound. (Id.) Plaintiff claims that he does not have a permanent roof over his head as he did while incarcerated. (Id. at 2.) Plaintiff claims that he does not have access to legal assistance, a law library or "ADA" workers, as he did when he was incarcerated. (Id.) For

---

[1] MRSA (methicillin-resistant Staphylococcus aureus) is a type of bacteria that many antibiotics do not work on. MRSA most often causes skin infections, but it can also cause serious illnesses that are hard to treat. See https://my.clevelandclinic.org/health/diseases/11633-methicillin-resistant-staphylococcus-aureus-mrsa.

these reasons, plaintiff requests that the Court appoint counsel to represent him.  (Id.)

Though the Court is sympathetic to plaintiff's situation, as this Court found in the October 8, 2025 order, the issues raised in this action are not particularly complex.  Plaintiff's claims concern the care he received from defendants Yahiya and Tucci while plaintiff was housed in a Mental Health Crisis Bed ("MHCB") at CMF from approximately February 16, 2023 to February 23, 2023.  Plaintiff alleges that he received inadequate mental health treatment and that defendants retaliated against him for his legal activities.  In addition, as stated in the October 8, 2025 order, plaintiff was able to file various documents throughout this litigation in spite of his mental illness and disabilities, and continues to do so.  As also found in the October 8, 2025 order, the Court also cannot determine whether plaintiff is likely to succeed on the merits.  In making this finding, this Court reviewed plaintiff's complaint (ECF No. 1) and defendants' summary judgment motion (ECF No. 45).

For the reasons discussed above, and because the Court has extremely limited resources to appoint attorneys in civil cases, plaintiff's renewed motion for appointment of counsel is denied.

**B. Motion for Extension of Time**

Good cause appearing, plaintiff is granted an extension of thirty days from the date of this order to file his opposition to defendants' summary judgment motion.  No further requests for extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 50) is granted; plaintiff's opposition to defendants' summary judgment motion is due within thirty days of the date of this order; no further requests for extensions of time will be granted; and

2. Plaintiff's renewed motion for appointment of counsel (ECF No. 50) is denied.

Dated:  November 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kend1145.31(2)/2