UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST KENDRID,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHIYA, et al.,<br><br>    Defendants. | No. 2:23-cv-1145 TLN CSK P<br><br>FINDINGS & RECOMMENDATIONS |

    Plaintiff is a former detainee proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2025, defendants filed a motion for summary judgment. (ECF No. 45.) Plaintiff did not file an opposition. On October 8, 2025, this Court granted plaintiff's first request for extension of time to file his opposition and ordered plaintiff's opposition due by November 10, 2025. (ECF No. 49.) On November 18, 2025, this Court granted plaintiff's second request for extension of time to file his opposition and ordered plaintiff's opposition due within thirty days of the date of the order. (ECF No. 51.) Thirty days passed from November 18, 2025 and plaintiff did not file his opposition.

    On January 9, 2024, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). (See ECF No. 25 at 9.)

1

1     "District courts have inherent power to control their dockets" and, in exercising that
2 power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth.,
3 City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on
4 a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g.,
5 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with
6 a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th
7 Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d
8 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).
9 In determining whether to dismiss an action, the Court must consider several factors: (1) the
10 public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
11 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440
13 (9th Cir. 1988).

14     Here, in determining to recommend that this action be dismissed, the Court considered the
15 five factors set forth above. The first two factors strongly support dismissal of this action. The
16 action has been pending for approximately 2 ½ years and reached the stage for resolution of
17 dispositive motions. (See ECF No. 25 (Discovery and Scheduling Order).) Plaintiff's failure to
18 file his opposition after being granted two extensions of time to file his opposition suggests that
19 he abandoned this action and that further time spent by the Court thereon will consume scarce
20 judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

21     Under the circumstances of this case, the third factor, prejudice to defendants from
22 plaintiff's failure to oppose the motion, is neutral.

23     The fourth factor, public policy favoring disposition of cases on their merits, weighs
24 against dismissal of this action as a sanction.

25     The fifth factor favors dismissal. The Court advised plaintiff of the requirements for filing
26 his opposition and granted ample additional time to oppose the pending motion, all to no avail.
27 The Court finds no suitable alternative to dismissal of this action.

28     Therefore, for the reasons set forth above, the first, second, and fifth factors strongly

support dismissal, and the third factor is neutral.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice based on plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 05, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Kend1145.nop/2

3